```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION
```

| DOROTHY DOAKS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 3:09-CV-367 JTM |
| SAFECO INSURANCE COMPANY OF AMERICA, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On May 1, 2010, Defendant, Safeco Insurance Company of America ("Safeco"), filed a motion to compel late discovery responses from the Plaintiff, Dorothy Doaks ("Doaks"). Because Doaks failed to respond to the motion, on May 21, 2010, this Court summarily granted Safeco's motion to compel and ordered Doaks to provide her responses by May 5, 2010. On May 25, 2010, this Court granted Doaks an extension of time to file all outstanding discovery. This order retroactively permitted Doaks until May 24, 2010 to file her discovery responses. On May 22, 2010, Doaks provided her responses to Safeco.

On July 5, 2010, Safeco filed a motion to dismiss, which this Court construes as a motion for sanctions. On July 13, 2010, Safeco's motion was referred to the undersigned to complete a Report and Recommendation. In the motion, Safeco contends that Doaks' discovery responses were incomplete. In particular, Safeco asserts that Doaks failed to provide numerous document disclosures with her responses, specifically noting the lack of documents pertaining to witnesses, trial exhibits and expert witnesses. On July 13, 2010, Doaks filed a response in opposition. In the response, Doaks does not contest that her responses were deficient. Instead, Doaks requests that the discovery deadlines be extended.

While it appears that Safeco's arguments regarding outstanding discovery may have merit, especially given Doaks' limited response, this Court considers the motion not yet ripe, as Safeco failed to follow the Local Rules in filing its motion. Local Rule 37.1 requires that every discovery motion include "certification that the movant has in good faith conferred or attempted to confer with the person or party in an effort to resolve the matter without court action." N.D.L.R. 37.1(b). In the present case, there is no evidence that Safeco attempted to informally resolve this discovery dispute prior to filing its motion. As such, Safeco's attempts to compel discovery responses are untimely and inappropriate, even though Safeco's motion might otherwise be meritorious.

Requiring the parties to attempt informal resolution of this discovery dispute is not a mere formality but encourages the parties to narrow the outstanding discovery issues and assists the Court in crafting more specifically-tailored relief. Where, as here, a subjective "deficiency" is claimed by Safeco, this Court considers the parties, themselves, to be the best equipped to successfully resolve this dispute. Consequently, this Court now **REPORTS AND RECOMMENDS** that Safeco's motion for sanctions be **DENIED**. [Doc. No. 31].

However, this Court strongly cautions Doaks that, if informal attempts at resolving this discovery dispute fail and Safeco files another motion for sanctions, this Court will impose costs for any discovery responses that this Court determines to be deficient. In addition, Doaks is cautioned that further discovery delays may also result in dismissal of this case for failure to prosecute. See Fed. R. Civ. P. 41(b). See also Timms v. Frank, 953 F.2d 281, 285-86 (7th Cir. 1992) and Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982).

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 20th day July, 2010.

                                                S/Christopher A. Nuechterlein
                                                Christopher A. Nuechterlein
                                                United States Magistrate Judge